IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CR-98-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| ANTHONY LEE RICHARDSON, | ) | |
| | ) | |
| Defandant. | ) | |

On September 18, 2026, the court held a hearing on defendant's motion to suppress [D.E. 54]. Defendant argued that the vehicle stop violated the Fourth Amendment. See id.

At the end of the hearing, the court denied defendant's motion to suppress and made its findings and conclusions in open court and incorporates them into this order. The responding officer observed defendant run a stop sign and lawfully conducted a traffic stop of the vehicle defendant was driving. See, e.g., Wrenn v. United States, 517 U.S. 806, 809–10 (1996); United States v. Branch, 537 F.3d 328, 335 (4th Cir. 2008). The officers then legally removed the driver and the passengers from the vehicle. See, e.g., Maryland v. Wilson, 519 U.S. 408, 414–15 (1997); Pennsylvania v. Mimms, 434 U.S. 106, 111 n.6 (1977); United States v. Rumley, 588 F.3d 202, 206 (4th Cir. 2009). The officers also lawfully recovered a magazine from defendant's hoodie and a ghost gun from the back seat floorboard.

In sum, the court DENIES defendant's motion to suppress [D.E. 54].

SO ORDERED. This 18 day of September, 2026.

J. Dever

JAMES C. DEVER III
United States District Judge